# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIC PHILBERTS INVESTMENTS, | 1:12-cv-0131 AWI-BAM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |
| v. | (Document 5) |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | |
| Defendants. | |

On April 6, 2012, MIC Philberts Investments ("Plaintiff") filed the instant Motion to Remand. (Doc. 5). American Casualty Company of Reading, Pennsylvania ("Defendant" or "American Casualty") filed an Opposition on April 27, 2012. (Doc. 8). Plaintiff filed a Reply on May 7, 2012. (Doc. 10). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for June 8, 2012. (Doc. 14). Having considered the moving, opposition and reply papers, as well as the Court's file, Plaintiff's Motion to Remand is GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this action against Defendant in the Fresno County Superior Court of California, Case No. 11CECG01375, on April 25, 2011. (Doc. 1, Notice of Removal). Defendant was served with the complaint on August 10, 2011. (Doc. 1, Ex. A). Defendant filed an answer to the complaint on September 8, 2011. (Doc. 1, Ex. B).

1

Plaintiff's complaint alleges causes of action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing, arising out of American Casualty's denial of a claim for water damage to Plaintiff's office suite caused by a burst water pipe. After the damage, Plaintiff provided notice of its claims for loss and damage to American Casualty. Plaintiff alleges that American Casualty wrongfully denied the claim, failed to investigate the claim promptly, failed to make a thorough investigation as to coverage of the damage, and failed to make payment in accordance with the policy. (Doc. 1, Ex. A).

On January 26, 2012, Defendant filed the Notice of Removal (Doc. 1), removing this action to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446. In its Notice of Removal, American Casualty asserted that federal subject-matter jurisdiction was conferred by 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship between MIC Philberts and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Plaintiff has now moved for remand of this action, reasoning that diversity jurisdiction does not lie because Defendant failed to provide sufficient evidence to support diversity of citizenship and the amount-in-controversy requirement. Defendant disagrees, insisting that: 1) the evidence supports a finding of diversity of citizenship and 2) though Plaintiff has been deliberately vague in its allegations concerning the value of its claims, under a common sense analysis, Plaintiff's alleged damages exceed $75,000, establishing that the minimum jurisdictional threshold is met. In its Reply, Plaintiff does not challenge diversity of citizenship, but again argues that Defendant has failed to offer competent evidence to support its claim of $75,000 in damages. Thus, the Motion to Remand hinges on the application of amount-in-controversy principles in removal actions to the damages allegations of the Complaint.

## DISCUSSION

### A. Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a) a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists

as to the propriety of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* This case was removed based on diversity jurisdiction, which provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
> 28 U.S.C. § 1441(b)

### B.  *Diversity of Citizenship*

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
>     (1) citizens of different States . . .

Under 28 U.S.C. § 1332(a)(1), there is diversity of citizenship if the plaintiff is a "citizen" of a different state than all of the defendants. *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991); *Sweeney v. Westvaco Co.*, 926 F.2d 29, 32-33, 41 (1st Cir. 1991). "Citizenship" in a state is the equivalent of "domicile." *Lundquist*, 946 F.2d at 10; *Valedon Martinez v. Hospital Presbiteriano del la Comunidad, Inc.*, 806 F.2d 1128, 1132 (1st Cir. 1986).

### C.  *Corporate Citizenship*

Although initially argued in Plaintiff's Motion to Remand, Plaintiff now concedes that American Casualty is a corporate citizen of a state outside of California. Plaintiff originally objected to Defendant's diversity of citizenship claim because Defendant failed to plead sufficient facts indicating that diversity of citizenship exists. However, as seen below, Plaintiff's argument is moot.

For diversity jurisdiction purposes, a corporation is a citizen of: 1) the state of its incorporation and 2) the state of its principal place of business. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). The Supreme Court has

interpreted the phrase "principal place of business" to mean the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, the corporation's nerve center. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). A corporation's "nerve center" typically will be the place where the corporation maintains its headquarters, "provided the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 1192.

The Notice of Removal alleges that American Casualty is incorporated in Pennsylvania, with its principal place of business in Illinois. (Doc. 1). In its response to the Motion to Remand, Defendant attached declarations by David B. Lehman, a corporate officer of American Casualty, stating that the operations of American Casualty are overseen by its executive corporate officers located at American Casualty's headquarters in Chicago, Illinois. (Lehman Decl., Doc. 8-3 ). Further, the Lehman declaration states that all executive and administrative functions are directed and controlled by executive personnel in the Chicago offices. *Id.* Plaintiff does not challenge these allegations or the evidence supporting them. Accordingly, the Court concludes that complete diversity of citizenship exists.

D.   *Amount in Controversy*

The remaining issue is the requisite amount in controversy. As to the evidence supporting the amount in controversy requirement, the parties spar as to where the factual allegations of Plaintiff's Complaint lie on the continuum between improper speculation and reasonable inference. Defendant contends, while Plaintiff's complaint is silent on the amount of damages, by Plaintiff's admission at least $40,000 is in controversy. According to American Casualty, this admission, coupled with the allegations of loss of fair rental value, punitive damages, and attorneys' fees, clearly demonstrates that the amount in controversy exceeds $75,000. Plaintiff responds that absent any evidence, Defendant's assertion that the amount in controversy exceeds $75,000 is improper speculation.

The removing defendants plainly bear the burden of proof on this issue. Where a complaint does not specify a particular amount of damages, the Ninth Circuit has held the removing party bears the burden of establishing, by a preponderance of the evidence, that the recovery sought meets the

amount in controversy requirement. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Therefore, the removing party must provide evidence that it is more likely than not that the amount in controversy exceeds $75,000. *Id.* Where this burden is not met, the case must be remanded to the state court where it was originally filed. FED. R. CIV. P. 1447(c). As previously noted, the removal statute is strictly construed against removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Plaintiff's complaint does not specify a particular amount of damages sought. Rather, Plaintiff seeks general, special, economic and consequential damages, attorney fees, prejudgment interest, costs of suit, and punitive damages. (Doc. 1, Ex. A at 12). Thus, Defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

      i.    ***Facially Apparent***

Defendant first argues that while Plaintiff has been deliberately vague in pleadings and discovery responses in order to avoid jurisdiction in this Court, it is obvious from the allegations in the Complaint that the amount in controversy exceeds $75,000. (Doc. 8 at 5). According to Defendant, its own insurance adjuster assessed Plaintiff's cost of repair at approximately $52,000.[1] In Defendant's view, the Court should make a reasonable inference that Plaintiff's cost of repair, along with punitive damages, and attorney's fees easily exceeds $75,000.

In arguing that the Court can reasonably infer from the face of the Complaint that the amount in controversy exceeds $75,000, the Defendant relies on *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058 (11th Cir. 2010). *Roe* stands for the proposition that district courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether

---

[1] The parties do not dispute that this case arises out of **at least** $40,000 in water damage. Defendant, however, argues that the amount of property damages in this case are $52,303.54. According to Defendant's contractor Lindsay Cunningham, estimated repairs costs for the damage of Plaintiff's property are $52,303.54. (Doc. 5 at 3). Plaintiff disagrees, stating that this damage estimation would only apply to its claim if Defendant had made the repairs. No repairs have been made and in Plaintiff's view, the actual value for amount in controversy purposes is the actual cash value of $39,349.21. Neither party cites to case law supporting which figure is the appropriate valuation for amount in controversy purposes. However, the Court agrees with Defendant's view. It would be illogical for Plaintiff to pursue a claim for damages that is less than the amount of damages assessed by its insurance company. Further, Plaintiff's interrogatory responses acknowledge that the cost of repair is estimated at $52,303.54. (Evans Decl., at 5.) Thus, for the purposes of determining the jurisdictional minimum, the Court will use the property damage valuation of $52,303.54.

5

it is facially apparent that a case is removable. *Roe*, 613 F.3d at 1061-62. Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. In *Roe*, the Eleventh Circuit stated:

> Sometimes, when a plaintiff's allegations are viewed in light of the award factors, it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiff's for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. [*Pretka v. Lolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010)].
>
> For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id.* Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." *See id.*

*Id.* at 1064.

While it is true that "judicial experience and common sense" need not be cast aside in assessing the amount-in-controversy requirements, *Roe*, 613 F.3d at 1064, the amount in controversy cannot be measured in a factual vacuum, or absent a factual predicate that Plaintiff is "likely to be awarded substantial punitive damages." *SUA Ins. Co. v. Classic Home Builders*, LLC, 751 F. Supp. 2d 1245, 1255 (S.D. Ala. 2010); *accord Butler v. Charter Comm.*, Inc., 755 F. Supp. 2d 1192, 1195 (M.D. Ala. 2010). If it is not facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, the moving party must provide "additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061.[2] What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendant, as the party asserting jurisdiction, has the burden of establishing diversity jurisdiction.

---

[2] Defendant's reliance on *Roe* is further misplaced. District Courts within the Eleventh Circuit have declined to extend *Roe*, an Alabama wrongful death case, to non-wrongful death cases. *See SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10-0388-WS-C, 751 F. Supp. 2d 1245, 2010 U.S. Dist. LEXIS 122406, 2010 WL 4664968, at *9 (S.D. Ala. Nov. 17, 2010). As in *SUA*, this court "is not free to simply assume," that Plaintiff is likely to be awarded substantial damages in order to meet the jurisdictional minimum. *Id.*

6

*Hertz Corp.*, 130 S.Ct. at 1194. When challenged on allegations of jurisdictional facts, a party must support their allegations by competent proof. *Id.* Proof of jurisdiction cannot be satisfied by mere allegation. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Here, the amount of repair alone is insufficient to meet the amount in controversy requirement. Therefore, the Court will assess individually the other evidence pertaining to attorney's fees, punitive damages, and loss of rental value, in order to determine whether Defendant satisfied its burden for removal.

        ii.    ***Attorney's Fees***

Plaintiff's cause of action includes a request for attorney's fees, which may be included in calculating the jurisdictional amount in bad faith insurance claims. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998); *Conrad Assoc's,* 994 F. Supp. at 1199 (California allows recovery of attorney's fees in bad faith claims). Defendant asserts that if Plaintiff prevails, it is likely to seek one-third of the cost of repair, totaling at least $17,434.51 in attorney's fees. Notice of Removal at ¶ 7. Plaintiff disagrees indicating that, as of the date of removal, there has been "little" legal work performed in this case, "other than the filing of the complaint and answering written discovery." (Doc. 10 at 3). According to Plaintiff, if the Court used fifteen hours as an approximation of the time spent to prepare the complaint and answer discovery, and the Court used a $350 an hour as a reasonable hourly fee, then the amount of attorney's fees would be $4,200—far less than the amount claimed by Defendant. Plaintiff further asserts that Defendant has failed "to present credible evidence as to the fees attributable to recovering benefits . . . at the time of removal." (Doc. 16 at 2.)

Defendant has failed to state facts to establish any actual amount for attorney's fees as of the date of removal. Defendant also incorrectly assumes that the amount of fees to be considered in the "amount in controversy" calculation includes prospective fees to the end of the case. *See Scalzo v. Allied Prop. & Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 75721 (E.D. Cal. July 11, 2011) (The amount in controversy must be determined as of the date of removal).

As noted in *Kahlo v. Bank of America*, there is disagreement among the courts of this circuit as to whether attorneys' fees incurred after the date of removal, up to and through the end of the case, are properly included in the amount in controversy. *Kahlo v. Bank of Am., N.A.,* 2012 U.S. Dist. LEXIS 42931 (W.D. Wash. 2012); *Palomino v. Safeway Insurance Company*, 2011 U.S. Dist.

LEXIS 86987 (D. Ariz. 2011); *quoting Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004). Some courts consider only the fees incurred as of the date of removal, while others include fees incurred after that date. *Compare Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801 at *4 (N.D. Cal. 1999) ("When estimating attorneys' fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Associates*, 994 F. Supp. at 1200 (declining to consider attorney's fees incurred after the date of removal) with *Brady v. Mercedes-Benz USA Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including a "reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy).

While the Ninth Circuit Court of Appeals has not yet spoken on the issue, the Court notes that it appears that a nascent consensus may be emerging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation. *See Reames v. AB Car Rental Servs.*, 2012 U.S. Dist. LEXIS 31956 (D. Or. Feb. 2, 2012) (split among the Ninth Circuit is best resolved by adoption of the reasoning that attorney fees anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes). However, the Court need not reach the issue here because Defendant's estimate of fees of $17,434 is speculative.

Defendant did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future. Notice of Removal ¶ 7. Defendant's conclusory allegation that Plaintiff will seek at least one-third under a contingent fee agreement is insufficient. *See Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture). Thus, Defendant's inclusion of Plaintiff's attorney's fees at an amount of $17,434.51 is speculative, unsupported, and cannot be included in determining the amount in controversy.

       iii.    ***Punitive Damages***

Defendant next asserts that Plaintiff's bad faith and punitive damages claims establish that the amount in controversy is met. Specifically, Defendant cites to two California cases permitting punitive damages claims against insurers at a ratio of 4-to-1. *See, e.g., Textron Financial v. National Union Fire Ins. Co.*, 118 Cal. App.4th 1061, 1083-84 (2004), *overruled as stated in Raisin*

8

*Bargaining Ass'n v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079 (E.D. Cal. 2010); *Diamond Woodworks, Inc., v. Argonaut Ins. Co.*, 109 Cal.App.4th 1020,1051-1056 (2003), *overruled in part by Bullock v. Philip Morris USA, Inc.,* 198 Cal. App. 4th 543 (2011). Defendant suggests that even at a 1-to-1 ratio based on American Casualty's cost of repair, yields a sum in excess of the minimum jurisdictional requirement. (Doc. 8 at 9).

However, "[i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies" for bad faith failure to pay claims. *Conrad Assocs.,* 994 F.Supp. at 1201. Here, Defendant has not provided any data on punitive damage awards in bad faith insurance claims and "has made no effort to compare the facts of [those cases] with the alleged facts of this case." *Id*. The cases cited by Defendant involve a different kind of insurance—workers' compensation and automobile —and do not provide information regarding the value of the underlying claim or damages sought. Defendant "has failed to articulate why the particular facts that are alleged in the instant case might warrant extraordinary damages." *Id.*

Defendant has also not provided a sound basis for this Court to estimate a potential award of damages, and the Court will not speculate. The evidence offered by Defendant is too vague to establish subject matter jurisdiction.

      iv.   ***Lost Rental Value***

Prior to removal of this action, American Casualty sought through discovery information concerning Plaintiff's claims. In response to American Casualty's interrogatories, Plaintiff revealed for the first time that it sought fair rental value of its property as an element of its damages. (Evans Decl., Doc. 8-4, Ex. A). No amount of lost rental value was stated, but Plaintiff indicated that it will "work with experts" to determine the amount of fair rental value of the office suite. *Id.* The actual rental value amount has not been provided to the Court by either side.

Despite this, Defendant argues that Plaintiff's claim for fair rental value should also be included in calculating the amount in controversy. Defendant argues that because Plaintiff has not provided an estimation of the fair rental value, it cannot possibly provide a dollar figure that is not based on unsupported speculation. However, using $1,000 a month as a reasonable commercial rental value, Defendant argues that three years of lost rental value combined with the cost of repair

estimate would again overcome the jurisdictional minimum.

The Court recognizes that Plaintiff's claim for lost rental value, though not listed in the Complaint, has some value. Defendant, however, has not provided factual support to show the actual or even estimated rental value. The Court is not free to wildly speculate—as Defendant does— as to such matters. There is, for example, a difference between a commercial rental that is fully equipped in a highly desirable area, and an older worn-out, commercial space. Defandant offers no means of predicting why an assigned rental value of $1,000 a month is reasonable. Given the speculative nature of Defendant's assertion, Defendant has failed to show that the lost rental value of Plaintiff's property should compel the Court to find that the amount in controversy here exceeds $75,000.

v. ***Refusal to Stipulate***

Finally, Defendant states that "unless Plaintiff conceded that as of the time of removal, the total amount in controversy for the costs to repair itself is approximately $39,000, the amount in controversy at the time of removal is likely more." (Doc. 8 at 10).

Plaintiff's refusal to stipulate to the amount in controversy has no effect in determining the actual amount in controversy at the time of removal. *Conrad Assocs.*, 994 F.Supp. at1199.  In *Conrad Assocs.*, the Court held that Plaintiff's refusal to stipulate that the case was worth less than $75,000 was not enough to establish diversity jurisdiction.  *Id.*  The Court in *Conrad* relied on *Valle v. State Farm Mutual Auto. Ins.*, No. C 97-1659 FMS, 1997 U.S. Dist. LEXIS 13166, at *2 (N.D. Cal. 1997), that likewise rejected a plaintiff's failure to stipulate to the amount of damages sought in the complaint as establishing the amount in controversy.  In *Valle*, the Court pointed out that were the court to find the failure to stipulate dispositive, defendants in every removal dispute "would force the plaintiffs to make such a choice between stipulating against their future remedies and remaining in federal court." *Valle*, 1997 U.S. Dist. LEXIS 13166, 1997 WL 564047 at *2.

The Court finds the reasoning of *Conrad Assocs.* persuasive.  As such, the Court finds that Plaintiff's refusal to stipulate to the amount in controversy is not a dispositive or persuasive factor in establishing the amount in controversy minimum.

The failure of Defendant to provide more than speculative evidence to support the amount of each component of damages in response to Plaintiff's Motion to Remand, leads the

10

Court to conclude that there is no basis on which to claim damages in an amount equal to or greater than $75,000. *Cf. Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (reversing a dismissal where the plaintiff had broken down the alleged damages, explaining how she exceeded the $75,000 mark). The Court, therefore, concludes that it lacks subject matter jurisdiction.

## CONCLUSION

Plaintiff's Motion to Remand (Doc. 5) is GRANTED and the action is ORDERED REMANDED to Fresno County Superior Court.

IT IS SO ORDERED.

Dated:  **June 8, 2012**                              **/s/ Barbara A. McAuliffe**
                                                      UNITED STATES MAGISTRATE JUDGE